# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv403

| | |
|---|---|
| RUTH ANN HENSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| IRENE WORTHAM CENTER, INC., ) | |
| f/k/a Irene Wortham Day Care Center, ) | |
| Inc., d/b/a Irene Wortham Residential ) | |
| Center, Inc.; IRENE WORTHAM ) | |
| RESIDENTIAL CENTER, INC., f/k/a ) | |
| Irene Wortham Retarded Residential ) | |
| Center, inc., d/b/a Irene Wortham ) | |
| Center, Inc.; and ROB RENZI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant Rob Renzi's Motion to Dismiss and plaintiff's Motion to Remand. Having carefully considered defendant Rob Renzi's Motion to Dismiss and plaintiff's Motion to Remand, reviewed the pleadings, and considered current case law, the court enters the following findings, conclusions, and Recommendation that the Motion to Dismiss be granted, that the Motion to Remand be denied, and that the parties remaining in the action file their joint Certificate of Initial Attorneys Conference within 10 days of the district court's disposition of these motions and this Recommendation.

# FINDINGS AND CONCLUSIONS

## I. Nature of the Case and Procedural History

On November 16, 2007, plaintiff filed this action in the North Carolina General Court of Justice, alleging claims under Title VII, 42, U.S.C. § 2000e-2 for sexual discrimination and harassment, hostile work environment, and retaliation, and under 29 U.S.C. § 621 for Age Discrimination. Named as defendants in the Complaint are her former employer, the Irene Wortham Center, Inc. (which has been named in its various incarnations) and former supervisor, Rob Renzi ("Renzi").

On December 21, 2007, defendant Irene Wortham Center, Inc., ("IWC") removed this action based on the court's original jurisdiction over the claims asserted. In the Notice of Removal, IWC stated that it had been served on or about November 26, 2007. Notice of Removal, at ¶ 2. IWC further stated that its co-defendant, Rob Renzi, had not been served with process at the time of filing of the notice of removal.

On January 17, 2008, Renzi filed his Motion to Dismiss, contending that he is not a proper defendant to this action inasmuch as he was named in the administrative charge and, even if he were, a civil claim cannot be brought under either Title VII or the ADEA against a supervisory employee.

On January 22, 2008, plaintiff filed a Motion to remand contending that removal was improper inasmuch as it had served Renzi before IWC filed its Notice of Removal.

## II. Motion to Dismiss

### A. Applicable Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a

3

motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

**B.     Discussion**

**1.     "Employer" Under Title VII and the ADEA**

Renzi contends that under current case law a claim cannot be maintained against him as plaintiff's supervisor because he was not plaintiff's "employer" under Title VII or the ADEA. The reasoning of the Court of Appeals for the Fourth Circuit in Lissau v. Southern Food Service, Inc.,159 F.3d 177 (4th Cir. October 28, 1998), compels this court to recommend dismissal of the Title VII and ADEA claims brought against Renzi. Clearly, a supervisory employee is not an "employer" subject to Title VII liability under the reasoning of Lissau. Plaintiff's argument that the Court of

4

Appeals for the Fourth Circuit improperly applied the "canons of statutory" construction carries no weight with this court as Lissau is a well-settled precedent this court must follow. The undesigned will, therefore, recommend dismissal of Renzi on such basis.

### 2. Failure to Name Renzi in the Charge of Discrimination

While it is clear from the exhibits attached to plaintiff's response to the Motion to Dismiss that she mentioned Renzi in the body of the charge, it is equally clear that she did not name Renzi as the party who allegedly discriminated against her. Further, there is no evidence that Renzi was ever brought into the EEOC's investigation or provided an opportunity by the Commission to participate in its administrative process.

Just like the administrative exhaustion requirement concerning particular claims, a plaintiff must also name defendants in the administrative charge prior to filing a civil suit in this court. Title VII provides that a civil action may be brought in federal court only "against the respondent named in the charge" which was filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). Renzi was not named in the charge, and plaintiff argues that she failed to do so because she filled out the charge in the manner she was instructed by the EEOC. Administrative error does not, however, appear to be an exception to the naming requirement.

In the Western District of North Carolina, the district court has consistently held that "Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge." Schilling v. Rutherford Pediatrics,

5

P.A., 346 F.Supp.2d 828 (W.D.N.C.2004); Jackson v. Blue Dolphin Communications of North Carolina, ___ F.Supp.2d___, 2004 WL 3216067 (W.D.N.C. 2004). *See also* Mickel v. South Carolina State Employment Service, 377 F.2d 239, 241-42 (4th Cir. 1967). Two exceptions to this requirement have developed where (1) the named and unnamed parties have the same functional identity, Alvarado v. Board of Trustees, 848 F.2d 457 (4th Cir.1988), or (2) where plaintiff can show that the unnamed employer had actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings. Bostic v. Wall, 588 F.Supp. 994, 997 (W.D.N.C.1984), aff'd, 762 F.2d 997 (4th Cir.1985). There is no evidence of functional identity and while it appears that Renzi may have had some notice through IWC's counsel, there is no evidence that he participated or was invited to participate in the EEOC proceedings. The undesigned will, therefore, recommend in the alternative dismissal of Renzi on such basis.

### III. Motion to Remand

The statute governing removal is a source of confusion, and it was written during a time when complex, multi-party litigation was not the norm. Despite the lack of clarity, Congress has not seen fit to modify Section 1446(b), which provides, in relevant part, as follows:

> The notice of removal in a civil action or proceeding shall be filed within thirty days after the receipt by *the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b). The statute speaks of the "defendant" in the singular and makes no provision for service of defendant*s,* who may well be served at different

times. This is especially true where, as in North Carolina, the state rules allow for liberal service during a period which may be easily enlarged. Rule 4, N.C.R.Civ.P.

In turn, the federal removal statute can be easily manipulated to prevent removal from state court, even where a federal court has, as here, original jurisdiction over the claims. For example, an unscrupulous plaintiff wanting to remain in a state forum could pick and choose which defendant he wanted to serve first--perhaps a defendant not likely to obtain counsel or a defendant who is a nominal defendant. Such a plaintiff could then allow the 30 days to lapse after initial service before serving the remainder of the defendants, thus preventing all defendants from exercising their right to remove the action to federal court. The possibility of such a situation was addressed by the district court in <u>Eastern Area Joint Sewer Authority v. Bushkill-Lower Lehigh Joint Sewer Authority</u>, 517 F.Supp. 583, 585, n.3 (E.D.Pa.1981), which held, as follows:

> If an unserved defendant could not join in the consent to removal before being served, a plaintiff, hoping to prevent removal, could delay serving the remaining defendants until the 30th day, thereby making it difficult, if not impossible, for such defendant to timely consent to the removal.

Such example is only illustrative of the problems with the federal removal statute. No ill motives can be ascribed to the plaintiff or the defendants in this case. In this case, plaintiff first served the corporate defendant, which is the party most likely to seek removal, and then served the individual defendant. There does, however, appear to be some confusion, inasmuch as plaintiff contends that it obtained service over Renzi both before and after removal.

A complete discussion of current case law is found in <u>Yellow Cab Company</u>

7

of Pittsburgh v. Gasper, 994 F.Supp. 344 (W.D.Pa. 1998), from which this court will quote at length:

> It is well-settled, although not explicitly set forth in the statute, that all defendants must join in any petition for removal; this is known as the "rule of unanimity." *E.g., Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D.Pa.1994); *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D.Pa.1982), (citing cases); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1979) (citing cases).
>
> The difficulty in this case stems from the fact that two of the defendants were joined and served more than thirty days after the first defendant was served. The question then arises whether a previously served defendant which did not initially seek removal within thirty days of service upon it of the original complaint may join the removal petition of a new defendant joined outside that thirty-day period. The Third Circuit has not yet decided this question. The statute, speaking as it does only of a singular defendant, provides little guidance, and the two principal treatise writers on federal procedure are split on the issue ....
>
> * * *
>
> The majority of courts to reach this issue have concluded that the thirty-day clock begins to run when the first defendant is served, and that such a defendant cannot later consent to a removal petition brought by a later-served codefendant. *See, e.g., McKinney v. Board of Trustees of Mayland Comm. Coll.*, 955 F.2d 924, 926 n. 3 (4th Cir.1992) (allowing removal when first-served defendant removes within thirty days and later-served defendant consents within thirty days of the later service date, but opining that cases in which the later-served defendant is served more than thirty days after the first-served defendant are not removable) . . . . [numerous citations omitted].
>
> A few courts, however, have come to the opposite conclusion. *In Garside v. Osco Drug, Inc.*, 702 F.Supp. 19 (D.Mass.1988), a medical patient filed suit against a drugstore and a pharmaceutical manufacturer. Four years after these defendants were served, she amended her complaint and joined a second pharmaceutical company, which within thirty days removed the case to federal court with the consent of its codefendants. Id. at 20. That defendant then changed its mind and challenged its own removal petition as untimely. Id. The court analyzed

8

the competing approaches to the question of timeliness and concluded that the *Wright & Miller* view was "the more practical and enlightened." *Id.* at 22. It thus held "that a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so." *Id.* It opined:

> Moore's premise would seem to assume that the previously served defendant's failure to remove the case originally indicates that it would not have consented to removal had the two defendants been served simultaneously. In making that assumption, Moore does not give adequate weight to the interplay that often occurs in multi-party litigation. In practice, removal is often as much a matter of trial strategy as it is one of forum selection.

*Id.* at 21. The court found this result particularly compelling when the defendant, after the case had been assigned to a specific district judge, assailed its own removal petition with a possible forum-shopping motive. *Id.* at 22.

Likewise, in *Eltman v. Pioneer Communications*, 151 F.R.D. 311 (N.D.Ill.1993), plaintiff's decedent sued an electronics manufacturer and several of its subsidiaries for products liability, serving various entities over the space of more than one year. Id. at 312-13. One of the later-served subsidiaries then filed a notice of removal twenty-eight days after it was served. Id. at 313. In denying the motion to remand for untimeliness, the court noted the majority rule but declined to apply it, stating:

> The policies behind the thirty-day requirement simply do not justify implication of a strict, mandatory first-served defendant rule into section 1446(b). More importantly, even if barring removal by a later-served defendant is justified in certain circumstances, it is unjustified and inequitable when the later-served defendant is not named until the initial thirty-day period has lapsed.

*Id.* at 317. The court then recounted the two principles underlying the thirty-day rule--depriving the defendant of the opportunity to see how it was faring in state court before deciding whether to remove and preventing waste of judicial resources arising from having to start the case over again in federal court after significant proceedings had occurred in state court, *id.* (*quoting Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir.1982))--and

9

concluded that neither purpose would be served by applying the majority rule on the facts of the Eltman case:

> Allowing a later-named defendant to remove despite the inaction of an earlier-named defendant would not defeat section 1446(b)'s purposes. Such removal does not start the case over because there is no case against the later-named defendant until he is named. There is no waste because judicial resources have not yet been expended. There is no delay because the case against that defendant has just begun. And there is no jockeying for tactical advantage because the "lateness" of the removal petition is due to the fact that the plaintiff did not name that defendant earlier.

151 F.R.D. at 317.

Finally, in *Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F.Supp. 892 (N.D.Fla.1996), plaintiff sued her employer in state court in November 1994, alleging retaliatory discharge in violation of the Fair Labor Standards Act. In April 1996, she amended her complaint to add an individual defendant, who petitioned for removal less than a month later. Id. at 893. That court also denied the motion to remand, reasoning:

> Allowing the initially served defendant the choice of whether to remove, but binding that decision on later-joined defendants leads to inequitable results. Courts favoring the rule which bars later-served defendants from removing argue that it is unfair to the plaintiff to allow a later-joined defendant to remove. This argument is unpersuasive because it is the plaintiff who has chosen to join the new defendant to the lawsuit, not the later joined defendant.

*Id.* at 895 (citations omitted).

In <u>McKinney v. Board of Trustees of Mayland Comm. Coll.</u>, 955 F.2d 924, 926, n.3 (4th Cir.1992), a case which originated in this court, the Court of Appeals for the Fourth Circuit determined that removal is appropriate when the first-served defendant removes within 30 days and the later-served defendant consents within 30

days of the later's service date. The requirement that all defendants join or consent to a petition for removal does not apply if: (1) the non-joining defendant had not been served with process at the time the removal petition was filed; (2) the non-joining defendant is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the non-joining defendant. Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508 n.4 (E.D. Va. 1992) (citation omitted).

In this case, IWC's evidence is that despite best efforts and due diligence, including corresponding with counsel for plaintiff, it did not appear to IWC that Renzi had been served by the date they removed the action to this court. In its Motion to Remand, plaintiff states that it served Renzi on December 14, 2007, as well as January 4, 2008. The joint Stipulation of Consent for Extension of Time to File Answer or Other Responsive Pleadings, which was filed January 3, 2008, lends some credence to the assertion that Renzi was served on December 14, 2007. On the other hand, plaintiff failed to produce her affidavit of service until March 3, 2008, some 41 days after the Motion to Remand was filed. See Fed.R.Civ.P. 4(l)(1). First, by serving Renzi a second time on January 4, 2008, it is reasonable to conclude that plaintiff did not engage in a useless act and that there was some good reason for serving such defendant, perhaps a problem with the earlier service. Second, by waiting 41 days to file the proof of service, plaintiff failed to put the removing defendants on notice that they had in fact obtained service upon Renzi. Indeed, this court knows of no other way than reviewing the docket for proof of service to determine if a defendant has

been served, and plaintiff's arguments that would penalize the removing defendants for plaintiff's delay would violate Rule 1, Federal Rules of Civil Procedure, which requires this court to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Clearly, Renzi joined with the removing defendants well within the time required based on the January 4, 2008, service by his filing of a Consent to Removal on January 23, 2008.

Even if the court were to assume that Renzi was a non-consenting defendant to the notice of removal, such determination is academic inasmuch as an exception to consent of the non-joining defendant exists where such party is merely a nominal or formal party defendant. As discussed in conjunction with the Motion to Dismiss, Renzi simply cannot be a party to this action as a matter of law and as such is a "nominal party." Indeed, the undersigned believes that a "non-party" is something even less than a "nominal party."

The undersigned will, therefore, respectfully recommend that plaintiff's Motion to Remand be denied.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Rob Renzi's Motion to Dismiss (#8) be **GRANTED**, plaintiff's Motion to Remand (#11) be **DENIED**, and that the remaining parties be required to filed their CIAC within 10 days of the district court's disposition of these motions and this Recommendation.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 4, 2008

Dennis L. Howell
United States Magistrate Judge