IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV403

| | |
|---|---|
| RUTH ANN HENSLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> IRENE WORTHAM CENTER, INC., ) <br> f/k/a IRENE WORTHAM DAY CARE ) <br> CENTER, INC., d/b/a IRENE ) <br> WORTHAM RESIDENTIAL CENTER, ) <br> INC.; IRENE WORTHAM ) <br> RESIDENTIAL CENTER, INC., f/k/a ) <br> IRENE WORTHAM RETARDED ) <br> RESIDENTIAL CENTER, INC., d/b/a ) <br> IRENE WORTHAM CENTER, INC.; ) <br> and ROB RENZI, ) <br> ) <br> Defendants. ) <br> ) | MEMORANDUM AND <br> O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's timely filed objections to the Memorandum and Recommendation filed by the Magistrate Judge regarding Defendant Renzi's motion to dismiss and Plaintiff's motion to remand. **See Memorandum and Recommendation, filed April 4, 2008; Plaintiff's Objections to Findings and Conclusions**

**of US Magistrate Judge, filed April 11, 2008.** Defendants have filed no objections to the Memorandum and Recommendation.

## I. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **See 28 U.S.C. § 636(b)(1)**. "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997);** *see also, **Battle v. United States Parole Comm'n**, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").* "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle, supra.*** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that

term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at \*3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" **Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), cert. denied, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

## II. PROCEDURAL HISTORY

Plaintiff initially filed her complaint in the General Court of Justice, Superior Court Division of Buncombe County alleging discrimination under 42 U.S.C. § 2000e (Title VII claim) and age discrimination under 29 U.S.C. § 621 (ADEA claim). Defendant Irene Wortham Center, Inc., f/k/a Irene Wortham Day Care Center, Inc., d/b/a Irene Wortham Residential Center, Inc., Irene Wortham Residential Center, Inc., f/k/a Irene Wortham Retarded Residential Center, Inc., d/b/a Irene Wortham Center, Inc. (collectively "Defendant Center") removed Plaintiff's complaint to this Court on December 21, 2007. **Notice of Removal, filed December 21, 2007.** Defendant Center filed an answer to the complaint along with crossclaims against Defendant Rob Renzi. **Defendant Center's Answer and Crossclaim, filed January 7, 2008.** Defendant Renzi filed a motion to dismiss the complaint and Defendant Center's crossclaims on January 17, 2008. *See* **Defendant Renzi's Motion to Dismiss and Memorandum in Support, filed January 17, 2008.** Thereafter, Plaintiff filed a motion to remand this action back to the state court. **Plaintiff's Motion to Remand and Memorandum in Support, filed January 22, 2008.**

After the parties filed their responsive briefs to these motions, the Magistrate Judge issued his Memorandum and Recommendation that the Plaintiff's motion to remand be denied, and Plaintiff's claims as to Defendant Renzi be dismissed.

The Magistrate Judge provided a recitation of the facts pertinent to the motions herein; the Court hereby incorporates that portion of the Memorandum and Recommendation by reference and will recite only the facts necessary for resolution of the matters currently before the Court.

### III. DISCUSSION

**A.  Plaintiff's Motion to Remand**

Plaintiff seeks remand of this action to state court because Defendant Renzi did not join in the petition for removal as required by 28 U.S.C. § 1446(a).  And, because the Defendant Renzi was served with the complaint more than 30 days before the removal was filed, his time for joining or consenting to the removal had expired.  **Plaintiff's Motion to Remand, at 2.**  Plaintiff also seeks attorneys fees due to the alleged improper filing of the removal to this Court.  *Id*.  The Defendant Center alleges that Defendant Renzi's consent was not required due to the fact

that the Defendant Center, "after a good-faith search," had no knowledge he had been served with process. **Defendant Center's Opposition to Plaintiff's Motion to Remand and Request for Attorneys Fees, filed February 8, 2008, at 2.** Defendant Center further argues that Renzi is a nominal party and, therefore, his consent was not required under either 28 U.S.C. § 1446 or 1441. *Id*. Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's motion for remand be denied and contends the Magistrate Judge erred, (1) in concluding that the motion to remand should be denied because Defendant Renzi is not a proper party to this action; and (2) in concluding that because Renzi is a nominal or "non-party," there is no requirement that Renzi consent to removal. **Plaintiff's Objections,** *supra,* **at 4-5; Memorandum and Recommendation,** *supra,* **at 12.**

Plaintiff advances no arguments in her objections that were not presented to and considered by the Magistrate Judge. Therefore, the Court finds these objections deserve only a careful review of the Magistrate Judge's recommendation. *See Aldrich, supra*, at 747 (**"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been**

**presented before, is not an 'objection' as that term is used in this context.").** After a careful review of the Memorandum and Recommendation, the Court finds that the proposed findings are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the motion to remand be denied. Accordingly, Plaintiff's motion for attorney's fees based on improper removal is likewise denied.

**B. Defendant Renzi's Motion to Dismiss**

Defendant Renzi alleges he is entitled to dismissal of the Plaintiff's claims because Plaintiff failed to name him in her initial charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) and, even if he was included in such claim, "individual claims against supervisors may not be maintained under Title VII or the ADEA[.]" **Defendant Renzi's Memorandum,** *supra*, **at 1; Exhibit A,** *attached to* **Memorandum.** The Magistrate Judge recommended the motion to dismiss be allowed based on the holding of the Fourth Circuit in *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177 (4th Cir. 1998), that a claim cannot

be maintained against a supervisor because such person is not the plaintiff's employer. *Id*. **at 4-5.** As an alternative ruling, the Magistrate Judge recommended the motion to dismiss be allowed based on the fact that the Plaintiff did not name Defendant Renzi in her initial EEOC charge of discrimination. *Id.* **at 5-6.**

In her objections, Plaintiff concedes the controlling law in this Circuit is set forth in *Lissau*, however, she "respectfully but vigorously disagrees with the *Lissau* Court's interpretation" and conclusion. **Plaintiff's Objections,** *supra*, **at 2.** The Magistrate Judge was bound, as is this Court, to follow the controlling law as set forth in *Lissau*. Due to the general nature of Plaintiff's objection, the Court finds *de novo* review unnecessary as the Plaintiff has not directed this Court to any error in the Magistrate Judge's recommendation. *See Orpiano v. Johnson*, **687 F.2d 44, 47 (4th Cir. 1982) (holding "Courts have also held *de novo* review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").**

Plaintiff did not object to the Magistrate Judge's alternative ground for dismissal, namely, that Defendant was not named in the initial charge of

discrimination filed with the EEOC. Therefore, after a careful review of the Magistrate Judge's Memorandum and Recommendation regarding the Defendant Renzi's motion to dismiss, the Court finds the proposed findings for dismissal are supported by the record and the proposed conclusions of law are consistent with current case law.  Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Plaintiff's complaint against Defendant Renzi be dismissed with prejudice.

Defendant Renzi has also moved to dismiss Defendant Center's crossclaim which sought indemnification from him in the event Defendant Center was found liable for damages.  **Defendant Center's Answer and Crossclaim,** *supra***, at 5-6.**  Because the Court has held that Defendant Renzi must be dismissed from the action pursuant to the holding in *Lissau,* it follows, then, that Defendant Renzi cannot be held liable for indemnifying Defendant Center in the event it is found to be liable to the Plaintiff.  ***See Habben v. City of Fort Dodge,* 472 F. Supp. 2d 1142, 1155 (N.D. Iowa 2007) (holding "[w]here supervisory employees cannot be individually liable on Title VII claims, there is no basis whatsoever to name them as defendants on such claims.").**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions to remand and for attorneys fees are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Renzi's motion to dismiss is **GRANTED** and Plaintiff's claims against Defendant Renzi are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Renzi's motion to dismiss Defendant Center's crossclaims is **GRANTED** and those claims are hereby **DISMISSED WITH PREJUDICE.**

Signed: May 22, 2008

Lacy H. Thornburg
United States District Judge