# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:07cv403

| | | |
|---|---|---|
| RUTH ANN HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| IRENE WORTHAM CENTER, INC., | ) | |
| f/k/a Irene Wortham Day Care Center, | ) | |
| Inc., d/b/a Irene Wortham Residential | ) | |
| Center, Inc.; IRENE WORTHAM | ) | |
| RESIDENTIAL CENTER, INC., f/k/a | ) | |
| Irene Wortham Retarded Residential | ) | |
| Center, inc., d/b/a Irene Wortham | ) | |
| Center, Inc.; and ROB RENZI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Gilberto Felix's and Jonathan Lee Riches' Motion to Intervene as Plaintiffs. From the face of the pleading, it appears that at least two federal inmates are attempting to intervene under the misguided impression that this is a class action. It further appears that such inmates have forged the names of other persons who are not federal inmates, with at least one appearing to a semi-famous individual, "Perez Hilton." The court finds that the pleadings submitted by such inmates must be stricken as both frivolous and vexatious.

Second, the court finds that such filing amounts to contempt of this court. A United States Magistrate Judge may certify facts for contempt proceedings before a district judge and order the alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts. 28 U.S.C. § 636(e).

-1-

In this case, however, the undersigned has consent under 28, United States Code, Section 636(c) and has full authority to determine what constitutes a contempt of court. Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for definite period), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994). Unlike the standard for criminal contempt which is 'beyond a reasonable doubt," civil contempt need only be shown by "clear and convincing evidence." The Court of Appeals for the Fourth Circuit has held, as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco*, Inc., 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004).

The pleading filed by these inmates provides the court with clear and convincing evidence of the bad faith and motivation of these inmates. Such pleading has disrupted the normal course of these proceedings and wasted judicial resources.

Further, the obvious fraud that appears on the face of the pleading is a clear attempt to cause a miscarriage of justice. Mr. Felix's and Mr. Riches' act of submitting such pleading therefore constitutes, at a minimum, a contempt of court as a bad faith attempt to intervene in litigation in which these inmates have no conceivable interest.

Inasmuch as the inmates are already incarcerated, the court finds that the remedial, coercive, or compensatory intent of a sanction for civil contempt cannot be satisfied by having the United States Marshal step back these individuals. Thus, the court knows of no other effective means of discouraging such outrageous conduct on the part of federal inmates (without severely restricting their access to courts) other than by entering an appropriate monetary sanction which is designed to deter these individuals as well as others from filing frivolous and fraudulent pleadings with the court. Each defendant will, therefore, be Ordered to pay to the Clerk of this court $100 and such shall be payable from each inmate's trust or canteen fund immediately.

* * *

Such inmates are further advised and should be considered fairly warned that further false or fraudulent pleadings will not only result in additional sanctions, but will be referred to the United States Attorney for the Western District of North Carolina for purposes of criminal investigation and prosecution.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Gilberto Felix's and Jonathan Lee Riches' Motion to Intervene as Plaintiffs (#45) are **DENIED** and **STRICKEN**. The court finds Gilberto Felix ( inmate # 70796-004) and Jonathan Lee Riches (inmate #40948-018 ) to be in **CIVIL CONTEMPT** of this court, and each are directed to immediately pay to the Clerk of this court the amount of $100.00 as a remedial sanction for such contempt.

The Clerk of this court is instructed to send a *true-teste* copy of this Order to the Warden of FCI Williamsburg, Salters, South Carolina, who is respectfully advised that the contempt sanction is payable from such inmates' trust or canteen accounts immediately.

Signed: August 15, 2008

Dennis L. Howell
United States Magistrate Judge