IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv403

| | |
|---|---|
| RUTH ANN HENSLEY, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>IRENE WORTHAM CENTER, INC., )<br>f/k/a Irene Wortham Day Care Center, )<br>Inc., d/b/a Irene Wortham Residential )<br>Center, Inc.; and IRENE WORTHAM )<br>RESIDENTIAL CENTER, INC., f/k/a )<br>Irene Wortham Retarded Residential )<br>Center, inc., d/b/a Irene Wortham )<br>Center, Inc., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on Jonathan Lee Riches' Motion for Reconsideration and Clarification. In Mr. Riches' second motion in this case - - a case in which he has no readily discernable interest or right to intervene - - Mr. Riches states, *inter alia*, that "if this court would have warned me, I would of stopped . . . ." Docket Entry 47, at 2.

Mr. Riches is, however, no stranger to the Western District of North Carolina or to the greater federal court system. In 2007, Honorable Graham C. Mullen, United States District Judge for the Western District of North Carolina, dismissed as frivolous a civil action plaintiff filed against Jeff Gordon and Hendrick Motorsports. <u>Riches v. Gordon</u>, 3:07cv384 (W.D.N.C. 2007). Nor is he a stranger to other federal courts, having filed approximately 1800 actions motions or other pleadings

nationwide since 2004.[1]

The court, however, agrees with Mr. Riches that the filing of an improper motion to intervene is more akin to a violation of Rule 11, Federal Rules of Civil Procedure, rather than a civil contempt. The Order of civil contempt will, therefore, be withdrawn, and Mr. Riches is hereby given notice under Rule 11(c)(3), Federal Rules of Civil Procedure, that there is reason to believe that Mr. Riches has signed and/or caused to be filed a paper with this court, to wit, the Motion to Intervene (#45), that has been presented for an improper purpose, to wit, to harass, to cause unnecessary delay , or needlessly increase the costs of litigation for the actual parties to this litigation, that the claims for intervention therein are not warranted by law, and that the factual contentions contained therein lack evidentiary support. Specifically, Mr. Riches is advised that the court - - which is most familiar with the Complaint in this matter - - has reason to believe that Mr. Riches lacks a good faith basis to intervene inasmuch as it would appear from the Complaint and other filings that Mr. Riches has never been employed by defendants, that the events which transpired in this case are based on a Title VII claim of sexual discrimination against a female, and further that this simply is not a class action. It appears, therefore, that there is reason to believe that Mr. Riches has violated Rule 11(b)(1)(2) and/or (3). Mr. Riches shall now be afforded an opportunity to respond and show why his pleading does not violate Rule 11.

---

[1] See Http://dockets.justia.com/search?q=JONATHAN+LEE+RICHES (a national search engine for federal dockets).

Mr. Riches is advised that, if the court finds that a violation has occurred, the court will be required to consider the imposition of an appropriate sanction under Rule 11(c)(4), which would be one that suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Mr. Riches may, therefore, wish to address in his response an appropriate sanction if the court finds a Rule 11 violation.

Mr. Riches will be allowed up to and inclusive of September 5, 2008, to file his written response; in lieu thereof, Mr. Riches is advised that he may by the same date take advantage of the withdrawal provisions (otherwise known as the "safe harbor" provision) contained in Rule 11(c)(2), a rule which allows avoidance of sanctions by the party withdrawing the offending pleading.

Finally, while Mr. Riches states that other prisoners signed for the other supposed interveners, Mr. Riches, as the person who submitted such pleading to the court, should note that he is responsible for the content of any pleading he submits as such submission constitutes a certification by the person "signing, filing, submitting, or later advocating it" that such pleading does not violate Rule 11(b). Fed.R.Civ.P. 11(b).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Jonathan Lee Riches' Motion for Reconsideration and Clarification (#47) is **GRANTED,** the Order of August 15, 2008, is **WITHDRAWN,** and Mr. Riches is **ALLOWED** up to and inclusive of September 5, 2008, to file a written response to the court's own Motion for Rule 11 Sanctions or withdraw the offending pleading as instructed in this Order.

The Clerk of this court is instructed to send a courtesy copy of this Order to the Warden of FCI Williamsburg. The Warden is advised that the court's previous Order has been withdrawn.

Signed: August 26, 2008

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge